**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49826**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 13, 2023** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| KYLE CORDERY BAXTER, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. James S. Cawthon, District Judge.

Judgment of conviction and sentences for sexual abuse of a child under sixteen years of age, stalking in the first degree, and two counts of exploitation of a child, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Judge; HUSKEY, Judge;
and BRAILSFORD, Judge

---

PER CURIAM

Kyle Cordery Baxter pled guilty to sexual abuse of a child under sixteen years of age, Idaho Code § 18-1506, (Count I); stalking in the first degree, I.C. § 18-7905, (Count III); and two counts of exploitation of a child, I.C. § 18-1507(2), (Count VI and VII). In exchange for his guilty pleas, additional charges were dismissed. The district court imposed a unified sentence of twenty-five years, with a minimum period of incarceration of twenty years, for sexual abuse of a child under sixteen years of age (Count I); a five-year determinate sentence for stalking in the first degree (Count III) to run concurrent with Count I, and an indeterminate ten-year sentence for each count

1

of exploitation of a child (Counts VI and VII) to run consecutive to Count I and III. In total, the sentence is thirty-five years, with twenty years determinate. Baxter appeals, contending that his sentences are excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Baxter's judgment of conviction and sentences are affirmed.